THE STATE OF KANSAS v. L. M. SPENCER.

1. INFORMATION *May be Amended, When.* An information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant.

2. ———— *Cases, Followed.* The State v. Lillie, 21 Kas. 728, and The State v. Spaulding, 24 id. 1, followed.

*Appeal from Barber District Court.*

ON May 8, 1889, there was filed in the district court of Barber county the following information, omitting caption and indorsement:

"Now comes R. A. Cameron, the county attorney of the said county, and in the name and on behalf of the state of Kansas gives the court to understand and be informed that on or about the 15th day of April, 1889, in the county of Barber and state of Kansas, one L. M. Spencer, whose more full christian name is to the said county attorney unknown, was then and there the agent, employé, bailee, and trustee of

an express trust of a certain corporation duly organized, existing and incorporated under the laws of the state of Illinois, and named and known as Parlin & Orendorff Company, and he, the said L. M. Spencer, then and there being a person over the age of sixteen years, and that the said L. M. Spencer was by the said Parlin & Orendorff Company duly appointed as such agent, employé, bailee, and trustee of an express trust for the said Parlin & Orendorff Company on the 7th day of February, 1889, and so continued to be such agent, employé, bailee, and trustee of an express trust, under and by virtue of the said appointment, up to and inclusive of the said 15th day of April, 1889. And that the said L. M. Spencer, on or about the said 15th day of April, 1889, in the county of Barber aforesaid, under and by virtue of his said appointment as such agent, employé, bailee, and trustee of an express trust, did have, receive and take into his possession and under his care, of and from the said Parlin & Orendorff Company, a large amount of goods, wares and merchandise theretofore obtained by the said L. M. Spencer of the said Parlin & Orendorff Company under and by virtue of a certain provision in a certain contract in writing, duly signed by the said defendant, L. M. Spencer, which said provision is in the words and figures following, to wit: 'All goods, and the proceeds of all sales of goods received under this contract, whether the proceeds are in notes, cash, or book accounts, we agree to hold the same as collateral security in trust and for the benefit of, and subject to the order of Parlin & Orendorff Company, until we have paid in full in cash all our obligations due the said Parlin & Orendorff Company.' Which said goods, wares and merchandise are more particularly described as follows: [items omitted.] All of the aggregate value of $4,949.37. And the said L. M. Spencer, the said property and the proceeds thereof as aforesaid, then and there feloniously, fraudulently did take, embezzle and convert to his own use, without the assent of the said Parlin & Orendorff Company, the principal employer, bailor of the said L. M. Spencer, and the beneficiary of the express trust aforesaid, which said goods, wares and merchandise had come into the possession, care and control of the said L. M. Spencer by virtue of his being the agent, employé, bailee, and trustee of an express trust of the said Parlin & Orendorff Company as aforesaid.

"And for a second and further count comes the said R. A. Cameron, in the name and on behalf of the state of Kansas, and gives the court to understand and be informed that on or

about the 15th day of April, 1889, in the county of Barber and state of Kansas, one L. M. Spencer, whose more full christian name is to the said county attorney unknown, was then and there the agent, employé, bailee, and trustee of an express trust of a certain corporation duly existing, organized and incorporated under the laws of the state of Illinois, and named and known as Parlin & Orendorff Company, and he, the said L. M. Spencer, then and there being a person over the age of sixteen years; and that the said L. M. Spencer was theretofore, to wit, on the 7th day of February, 1889, by the said Parlin & Orendorff Company duly appointed as such agent, employé, bailee, and trustee of an express trust for the said Parlin & Orendorff Company, and so continued to be such agent, employé, bailee, and trustee of an express trust, under and by virtue of the said appointment, up to and inclusive of the said 15th day of April, 1889. And the said L. M. Spencer, on or about the 15th day of April, 1889, in the county of Barber as aforesaid, under and by virtue of his appointment as such agent, employé, bailee, and trustee of an express trust, did have, receive and take into his possession and under his care, of and from the said Parlin & Orendorff Company, a large amount of goods, wares and merchandise theretofore obtained of the said Parlin & Orendorff Company, under and by virtue of a certain provision in a certain contract in writing, duly signed by the said defendant, L. M. Spencer, which said provision is in the words and figures following, to wit: 'All goods and the proceeds of all sales of goods received under this contract, whether the proceeds are in notes, cash, or book accounts, we agree to hold the same as collateral security in trust, and for the benefit of and subject to the order of Parlin & Orendorff Company, until we have paid in full in cash all our obligations due the said Parlin & Orendorff Company,' which said goods, wares and merchandise are more particularly described as follows, to wit: [items omitted.] All of the aggregate value of $4,949.37. And the said L. M. Spencer, the said property, and the proceeds thereof as aforesaid, then and there feloniously and fraudulently did take, make way with and secrete, with the intent the said property and the proceeds thereof unlawfully, feloniously and fraudulently to embezzle and convert to his own use, without the assent of the said Parlin & Orendorff Company, which said goods, wares and merchandise had come into the possession, care and control of the said L. M. Spencer, under and by virtue of his being the agent, employé, bailee, and trustee

of an express trust of the said Parlin & Orendorff Company; contrary to the form of the statutes in such cases made and provided."

"STATE OF KANSAS, BARBER COUNTY, ss.—R. A. Cameron, being first duly sworn, deposes and says, that he is the county attorney of Barber county, Kansas; that he has read the above and foregoing information; that the facts and statements therein set forth are true, as he is informed and verily believes.                                 R. A. CAMERON.

"Subscribed and sworn to before me, this 8th day of May, 1889.         FRANK HOLMES, *Clerk of the District Court.*"

The defendant filed his motion to quash, upon the following grounds:

"1. The information is not direct and certain as regards the offenses charged.

"2. The offenses therein pretended to be charged are not clearly set forth in plain and concise language, without repetition.

"3. The offenses pretended to be charged are not stated with such a degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case.

"4. Because of duplicity.

"5. The same does not state facts sufficient to constitute an offense against the laws of the state of Kansas.

"6. Defendant did not have a preliminary examination upon the charges therein set forth, as does and will appear upon the face of the transcript and papers of the examining magistrate filed herein, and upon which the information in this action is based."

The motion was sustained, and the defendant discharged. *The State* excepted to the rulings and decision of the court, and brings the case here.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in the court below presented a motion to quash and set aside the information. This motion was sustained; and thereupon the state asked leave to amend the information, which request was denied. No brief has been

filed upon the part of the defendant, nor any appearance made by him in this court, and therefore it is impossible to determine from the record the grounds upon which the district court acted. We have examined the information, and it seems to us sufficient. Our attention is not called to any alleged defects. If it were defective, the application to amend should have been granted. Section 72 of the criminal code provides that—

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant. No amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

The information was evidently drawn under § 88 of the crimesact, Comp. Laws of 1885, p. 335. The venue is properly laid. The full given name of the defendant is not stated; but the reason for this omission is given, and is sufficient. The offense is alleged to have been committed within the time fixed by the statute of limitations for the commencement of the action, and in the county and state within which the offense was triable. The defendant is alleged to have been the agent, employé, bailee, and trustee of an express trust of a certain corporation therein named. It is stated that under and by virtue of his appointment as such agent, employé, bailee, and trustee of the corporation, he had in his possession and under his care a large amount of the property of the corporation. This property is particularly described and set out. Its value is stated to be $4,949.37. It is further alleged that the defendant feloniously took, embezzled and converted to his own use this property, which had come into his possession by virtue of his being the said agent, employé, bailee, and trustee of an express trust of the corporation.

The second count of the information is like the first, with the exception that it is therein charged that the defendant feloniously took, made way with, and secreted the said prop-

erty with the intent to embezzle and convert the same to his own use.   Under the authority of *The State v. Lillie,* 21 Kas. 728, it was proper to charge the defendant with embezzling certain property received by him as agent, employé, bailee, and trustee of the corporation.

If the motion to quash the information be considered in the nature of a plea in abatement upon the ground of no proper preliminary examination having been had, the point is not tenable.   In *The State v. Spaulding,* 24 Kas. 1, the syllabus reads:

"A preliminary examination was had upon a complaint charging defendant with the embezzlement, as city clerk, of certain moneys of the city of Leavenworth.   Afterward an information was filed containing several counts, each charging the embezzlement of the same moneys at the same time, and as the property of the same party, but differing in this, that one charged him with embezzling as clerk, another as agent, another as servant, and so on.   *Held,* That a special plea that defendant had had no preliminary examination, except upon the charge of embezzling as clerk, and that therefore all the other counts should be stricken out, was properly overruled."

The order and judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.