Demurrer to an information on the ground of charging two offenses is not a waiver of defendant's right to move in arrest of judgment by moving for a new trial. People v. Clement (Cal.) 35 P. 1022.

WHEN FILED.—Under § 233, div. 3, Mont. Comp. Sts., a motion in arrest of judgment on the ground that the information, on which defendant was tried, was not filed at the proper time, was rightly refused after change of venue. State v. Smith 330 P. 679 ; 12 Mont. 378.

Motion in arrest of judgment, which appears to have been filed after judgment was entered on the verdict, will not be sustained. State v. Kibling (Vt.) 22 A. 613 ; 63 Vt. 636.

Motion in arrest of judgment, is a criminal case, cannot be filed in the supreme court. State v. O'Neil (Vt.) 29 A. 376 ; State v. Hodgson, 28 A. 1089. This is the case, though the judgment has been respited by the county court. Id.

Motion in arrest of judgment, on the ground that the indictment is insufficient, can be made, for the first time, in the supreme court. State v. Caldwell (N. C.) 16 S. E. 1010.

WHEN TAKEN.—The words " before verdict," in § 27, C. 214 Pub. Sts., do not require the actual rendition of a verdict to make the section applicable, but merely refer to a stage of the case where the facts have been settled by some means known to the law. Commonwealth v. Swain (Mass.) 35 N. E. 862 ; 160 Mass. 354.

Such a motion must necessarily be filed before judgment. State v. O'Neil, (Vt.) 29 A. 376.

---

## Supreme Court of Kansas.

January 11, 1896.

## STATE v. LEWIS.

1. CRIMINAL LAW—CONTINUANCE.

   The failure to obtain the testimony of an absent witness, however material, does not require the continuance of a cause, unless the party asking the continuance has used due diligence to procure the attendance or obtain the testimony of the witness.

2. SAME—INSTRUCTIONS.

   In charging the jury, it is error for the court to assume the existence of an important fact, which is not conceded or established by uncontradicted proof.

3. WITNESS—DEFENDANT.

> Where a defendant in a criminal prosecution has offered himself as a witness in his own behalf, he may be cross-examined to the same extent as any other witness, and he may also be recalled by the state for further cross-examination, but he cannot be recalled as a witness for the state, and compelled to testify in its favor.

APPEAL from a judgment convicting defendant of larceny.

G. W. Jones, H. J. Harwi, and Z. C. Tritt, for appellant.

F. B. Dawes, Atty. Gen., and F. D. Turck, for the State.

JOHNSTON, J.—J. A. Lewis appeals from a conviction upon a charge of stealing six hogs, and the punishment imposed was imprisonment in the penitentiary for a term of two years. A number of errors are assigned upon rulings made at the trial, but some of them are not of sufficient importance to require notice or comment.

The refusal of a continuance because of an absent witness is strongly urged as a ground for reversal. The testimony which it is said the witness would give was undoubtedly material, but we are not convinced that sufficient diligence to obtain it was shown. For several months after his arrest, and before the trial, the defendant knew that the witness intended to remove to another state, to which her husband had preceded her, but no effort was made to take her deposition. He states that she had promised to postpone going until after the trial, but she left the state sometime before the trial, and the defendant knew she went away, as well as the place to which she went, but no steps were taken by him to procure her testimony.

Complaint is also made of the production before the jury of meat found by the sheriff with the aid of a search warrant, in the possession of the defendant. There was testimony tending to show that the hogs alleged to have been stolen were driven a short distance from the place where they were kept, where some of them were killed and loaded into a wagon, and that those in search found tracks of the wagon as well as drops of blood on the grass and the ground. The tracks were found to continue until they came to the premises of the defendant, and near his

granary and stable door blood and other traces of their presence were found. The tracks were followed beyond the defendant's place for a distance of about two miles. One witness testified that on that day he was at the granary, and found it locked, but in looking through a crack he discovered a pile of meat partly covered over in the granary, and that, shortly after the searching party went past the defendant's place, the defendant and another loaded the meat into a wagon and drove away with it. About a month after the commission of the alleged offense, a search warrant was procured authorizing a search of the defendant's premises, and at that time the sheriff found some meat which was produced and admitted in evidence. The testimony was not strong, nor very important; but in view of the other testimony it was competent to give to the jury for what it was worth.

Complaint is made of the following instruction: "Evidence has been offered for the purpose of showing that meat was seen, on the morning after the loss of the hogs, as claimed, at the place of the defendant, J. A. Lewis, and that the same was soon thereafter removed therefrom, and after Joseph Mahurin and others are claimed to have been there. This evidence you may take into consideration for the purpose of determining whether or not the pork so seen was probably a part of the hogs claimed to have been lost from the premises of the witness Mahurin, as charged." There was no testimony to show that the meat alleged to have been seen in the granary of the defendant was pork, and the only witness who testified that he saw the meat in the granary was unable to state, from the view he had, whether it was beef, pork or mutton. By this instruction the court, against the evidence of the defendant, assumes that meat was actually seen in the granary, and the error is emphasized by the assumption that that which was seen was pork. The testimony referred to was the most important offered in behalf of the prosecution, and the unwarranted assumption by the court may have had great influence with the jury in determining that the defendant was guilty. At any rate, we are unable to say that no prejudice resulted from the error.

There is also cause to complain of the ruling of the court in

compelling Lewis to take the witness stand and testify in behalf of the state. He had previously testified in his own behalf, and it is contended that the matter on which he was recalled was only a continuation of the evidence given by him when he first took the witness stand. The state was entitled to recall him for the purpose of a further cross-examination, but the record does not show this to have been the purpose. The statement is that he was recalled in behalf of the state in rebuttal, and examined in chief by the attorney representing the state. The examination appears to have been extended, too, beyond what would have been legitimate cross-examination, if he had been called for that purpose.

Objections were made to other rulings, but none of them are deemed to be material. For the errors pointed out the judgment must be reversed, and the cause remanded for a new trial. All the justices concurring.

## NOTE ON CONTINUANCE.

ABSENCE OF WITNESS.—Where it is not probable that the evidence expected is true, continuance for absent witnesses will be denied. Blair v. State (Tex. Cr. App.), 33 S. W. 967.

Continuance will be granted on account of the absence of witnesses who will testify that the person, on whose uncorroborated testimony defendant was convicted of a burglary, and who denied his complicity with the series of burglaries and the disposition of the goods stolen, had been selling some of those goods. Dawson v. State, 25 S. W. 21 ; 32 Tex. Cr. R. 535.

So, where the witnesses, to procure whom the continuance was asked, subsequently came into court, but were not examined by defendant. State v. Sinegal (La.), 12 So. 351 ; 45 La. Ann. 287.

Where defendant did not place on the stand an absent witness, who came into court before argument, nor request that he be examined, he cannot complain that he was deprived of his testimony, even though the court had announced, before such witness appeared, that he would hear no more testimony. Mitchell v. State (Tex. Cr. App.), 36 S. W. 456.

Under ch. 139 of 1890, continuance, based on the necessity of the presence of additional witnesses, was properly refused, where the record disclosed that six witnesses had been previously