# COURTS OF APPEALS,
## STATE OF KANSAS.

NORTHERN DEPARTMENT—EASTERN DIVISION.
JUNE TERM, 1896.

### EDWARD HEYMAN *et al.* v. ARTHUR SIMMONS.
#### NO. 134.

**1.** COUNTER-CLAIM—*Evidence and Findings Insufficient.* When the evidence and findings of the jury show that the defendant has wholly failed to establish his counter-claim for damages against a cause of action confessed in favor of the plaintiff, the latter is entitled to judgment, notwithstanding a general verdict for the defendant.

**2.** FINDINGS—*Inability of Jury to Answer.* When the jury, in answer to special questions as to material facts, say that they are unable to answer from the evidence, such answers are equivalent to findings thereon adverse to the party upon whom rests the burden of their proof.

MEMORANDUM.— Error from Leavenworth district court; ROBERT CROZIER, judge. Action by Edward Heyman and others against Arthur Simmons on an account. Judgment for defendant. Plaintiffs bring the case to this court. Reversed. The opinion herein, filed July 8, 1896, states the material facts.

*J. W. Haussermann,* and *S. E. Wheat,* for plaintiffs in error.

*Baker, Hook & Atwood,* for defendant in error.

The opinion of the court was delivered by

GARVER, J.: The plaintiffs in error, as plaintiffs, brought this action in the district court of Leaven-

1—4 KAN. APP.

worth county against the defendant in error to recover the sum of $326, which was admitted to be due and owing them on an account for cigars sold and delivered to the defendant. As a counter-claim, the defendant averred the making of a contract between him and the plaintiffs by which the latter agreed to manufacture and sell to him a certain quality of cigars, with a box label which had been designed by the parties and called the "Golden Bell," and which the defendants agreed to purchase in certain specific quantities, it also being the understanding and agreement that the plaintiffs should not sell cigars under such label to any other person. This agreement it was alleged had been violated by the plaintiffs, by their using said label in sales of cigars to other persons, to the damage of the defendant in the sum of $2,000. A trial was had by a jury, and a verdict returned for the defendant for $26, for which judgment was rendered. The only controversy upon the trial was as to the defendant's counter-claim.

The action was properly tried upon the theory that it presented a simple case of breach of contract, calling upon the defendant to prove the making of the contract alleged, its breach, and the consequent damages. The court instructed the jury that the burden of proof upon these matters was upon the defendant, and that before he was entitled to any deduction from the amount of the plaintiff's claim, he must establish not only that there was a breach of the contract, but that damages were sustained. An examination of the special findings of fact made by the jury, conclusively shows that the defendant wholly failed to make a case. He undertook to prove that the plaintiffs had violated their contract, by making certain sales of cigars, under the "Golden Bell" label, to persons in the city of

New York, and in the states of Michigan, Indiana, and Ohio. The plaintiffs were manufacturers and wholesale dealers in cigars, located in the city of New York. The defendant was engaged in the wholesale cigar business in Leavenworth, his trade being almost entirely confined to states outside of those above named. There was no evidence tending to show that the sales complained of in any way interfered with his trade, or that they caused him loss or damage in any respect. Upon this the following findings were made:

"7. Did any sale of Golden Bell cigars by plaintiffs interfere with the sale of any of defendant's cigars under any Golden Bell label? Ans. Upon the evidence, we are unable to say."

"9. Did plaintiffs or any other than defendant to whom plaintiffs had sold cigars labeled with the Golden Bell label, compete in the same market, or in any part of the same market, with defendant for or in the manner of selling cigars under the Golden Bell label? A. Upon the evidence, we are unable to answer."

"14. State how much the jury find as damages in favor of defendant on each lot of cigars sold by plaintiffs with any such label thereon, as claimed by defendant, and to whom each such lot was sold. A. Jury from evidence unable to answer."

Such findings are equivalent to findings against the defendant upon the matters included therein. (*Morrow v. Comm'rs of Saline Co.*, 21 Kan. 484; *A. T. & S. F. Rld. Co. v. McCandliss*, 33 id. 366.)

Under such circumstances, the defendant, at most, was only entitled to recover nominal damages, which, in this case, might be $1. The motion of plaintiffs for judgment on the special findings of the jury should have been sustained, notwithstanding the general verdict.

The judgment will be reversed, and the case remanded, with directions to enter judgment in favor of the plaintiffs for $325, with interest thereon from September 25, 1891, the date of the verdict, to the date when judgment is entered.

All the Judges concurring.