### THE STATE OF KANSAS v. J. A. SNYDER.

#### No. 814.

1. INTOXICATING LIQUORS—*Sufficient Information.* The information set forth; and held sufficient.

2. ——— *Defendant as a Witness—Examination.* "Where a defendant in a criminal case takes the witness-stand to testify in his own behalf, he assumes the character of a witness, and is entitled to the same privileges, and subject to the same tests, and to be contradicted, discredited, or impeached, the same as any other witness." (*The State v. Pfefferle,* 36 Kan. 90, 12 Pac. 406.)

3. ——— *Detectives—Evidence—Instructions.* Where the state relies solely for a conviction on the testimony of professional detectives employed by the prosecuting attorney, and the trial court in its charge to the jury calls special attention to the testimony of defendant, and the rule for determining the weight to be given it, and refuses to give the rule for determining the weight to be given the testimony of professional detectives, *held,* error.

Appeal from Harvey district court; MATTHEW P. SIMPSON, judge. Opinion filed May 12, 1899. Reversed.

*L. C. Boyle,* attorney general, and *W. S. Allen,* county attorney, for The State.

*Bowman & Bucher,* for appellant.

The opinion of the court was delivered by

SCHOONOVER, J. : The appellant was charged, tried and convicted on one count in the district court of Harvey county with the violation of the prohibitory law.   The information was sworn to positively by the county attorney, and, omitting the caption, is as follows :

"I, W. S. Allen, the undersigned county attorney of said county, in the name, by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed, that on the 25th day of August, A. D. 1897, in said county of Harvey and state of Kansas, one J. A. Snyder did then and there, unlawfully, without having taken out a permit from the probate judge of said county, bargain, sell and give away intoxicating liquor, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Kansas."

The first and second assignments of error are that the court erred in overruling the motion to quash the information and in overruling defendant's motion to require the prosecution to file with the information a bill of particulars.   In support of these assignments, our attention is called to the case of *The State v. Burkett,* 51 Kan. 177, 32 Pac. 925.   In this case there were no words used in the information negativing the exception clause in the statute, and the rule stated by Justice Allen cannot be applied to the information in the case now under consideration.   The information set forth in this opinion is sufficient.   The

objections of appellant are covered by the following decisions of our supreme court : *The State v. Whisner*, 35 Kan. 271, 10 Pac. 852 ; *The State v. Schweiter*, 27 id. 500 ; *The State v. Lindgrove*, 1 Kan. App. 51, 41 Pac. 688.

It is further contended that the trial court erred in permitting the county attorney to cross-examine the defendant as to his conduct with reference to handling liquor at any other time than the sale alleged as shown by the witnesses for the state. We have examined the evidence, and cannot say that there was error of law or abuse of discretion in the cross-examination permitted by the trial court. It is well settled in this state ''that where a defendant in a criminal prosecution has offered himself as a witness in his own behalf he may be cross-examined to the same extent as any other witness.'' ( *The State v. Lewis*, 56 Kan. 374, 43 Pac. 265.)

The only witnesses introduced by the state were two detectives, Pinneo and Dobson, from St. Joseph, Mo. Pinneo testified that he had been in the secret service between thirty and thirty-five years, that he came to Newton at the request of the county attorney for the purpose of finding out who was selling liquor, that he was in the employ of the county attorney, and that he was to receive three dollars a day and all expenses from the time he left home until he returned there. Dobson testified that he was doing detective work under the direction of Pinneo. The trial court gave the following instructions :

'' 11. The defendant is a competent witness in his own behalf, but in determining the weight to be given to his testimony you have a right to consider his interest in the result of the suit as the defendant charged with the commission of the offense.

'' 12. The jury are the sole and exclusive judges of

The State v. Snyder.

all the facts in the case and of the credibility of the
witnesses ; you have the right, in determining the
weight and value of the evidence, to take into con-
sideration the feelings, motives, passions and preju-
dices of the witnesses, their interest in the result of
the suit, where any is shown, their memory and
knowledge of the things about which they testify,
their manner on the witness-stand while giving their
testimony, and every fact and circumstance in evi-
dence and occurring at the trial which tends to con-
tradict or corroborate any witness, and then give to
the several parts of the evidence such weight as they
seem to merit.''

Counsel for appellant requested the court to give
the following, which was refused :

''Detectives are as competent to testify as other
witnesses, and should be treated accordingly ; but you
are instructed to closely scrutinize the testimony of
any one who may have acted in the transaction in
question as a detective, and who may appear to have
a motive for testifying to illegal sales when none in
fact may have been made.''

The court having especially called the jury's atten-
tion to the testimony of the defendant, and the rule
for determining the weight to be given it, a fair trial
demands that the rule for determining the weight to
be given the testimony of professional detectives in
the employ of the prosecuting attorney and on whose
testimony he relied for a conviction, should also be
given.    It was not necessary for the trial court to give
the special instruction in the language submitted, but
the principle contained in the instruction refused
should have been given or more fully stated in the
general charge.    It was a matter of law necessary for
the information of the jury in giving their verdict.    In
the case of *The State v. Keys*, 4 Kan. App. 15, 45 Pac.
728, Judge Garver said :

. '' We think all that was either proper or necessary
44—8 KAN. APP.

to be said to the jury upon that matter was covered by the general charge. In it the jury was instructed closely to scrutinize the testimony of any one who acted in the transaction as a detective or spotter, and who may have a motive for testifying to illegal sales when none was in fact made.

"The jury was also given the usual general rules for their guidance in weighing the testimony of the witnesses and in determining their credibility. There is little, if anything, in this case upon which to base the instruction asked."

If the general charge in the case under consideration contained language of equal force or import it would have been sufficient. The principle of law relating to the testimony of detectives, having been called to the attention of the court, should, under the circumstances, have been given in a special instruction or more fully stated in the general charge.

The judgment of the district court is reversed and a new trial awarded.