THE STATE OF KANSAS, *Appellee*, v. E. PENQUITE, *Appellant*.

No. 17,814.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Common Nuisance—In Dwelling—Evidence.* A nuisance under the prohibitory law may be maintained in a dwelling house as well as in a place of business, but the mere possession of intoxicating liquors can not be relied upin as *prima facie* evidence of their being kept for unlawful use, where the place where they are kept is a dwelling house.

2. INFORMATION—*Verification—Personal Knowledge of Offense.* A prosecuting witness who verifies positively an information under the prohibitory law need not have actual personal knowledge of the facts constituting the offense charged. It is sufficient if he have notice or knowledge from hearsay of the particular transaction complained of.

Appeal from Sedgwick district court, division No. 1. Opinion filed April 6, 1912. Affirmed.

*V. Harris,* for the appellant.

*John S. Dawson,* attorney-general, and *George Mc-Gill,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Appellant was convicted on five counts charging illegal sales of intoxicating liquors and on one count for keeping a nuisance. He claims that he was prejudiced by the admission of evidence showing a specific sale not referred to in the sales counts and because bottles of whisky identified by a witness as having been purchased from him were exhibited to the jury. The evidence was proper under the nuisance count and the appellant was not convicted of any sales not referred to in the counts charging sales. The person who verified the information testified that at the time he did so he had notice and knowledge of the particular sales testified to by the witnesses and for which the appellant was convicted, but that he had no personal knowledge thereof. It is claimed that the court erred in refusing to strike out all testimony as to the sales. Personal knowledge of the facts constituting the offense is not required of the prosecutor. The appellant's rights were not prejudiced because the person who verified the information acted upon hearsay instead of personal knowledge. (*The State v. Moseli,* 49 Kan. 142, 30 Pac. 189; *The State v. Davis,* 67 Kan. 545, 73 Pac. 87.)

The evidence showed that the defendant conducted the unlawful business at his residence. This fact did not entitle him to an instruction that if the place complained of was his residence the jury must acquit him of the offense of keeping a nuisance, because a nuisance can be maintained in a residence as well as in a place of business. The mere possession of intoxicating liquors can not be relied upon as *prima facie* evidence of their being kept for unlawful use, when the place

in which they are kept is a dwelling house. The state, in this case, did not rely upon the *prima facie* effect of finding the defendant in the possession of intoxicating liquors under section 4396 of the General Statutes of 1909. It proved that he kept them at his residence for the purpose of selling them contrary to law. We find no error in the record and the judgment is affirmed.