No. 20,702.

THE STATE OF KANSAS, *Appellee,* V. ADA McCULLOUGH, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information—Motion to Quash Properly Denied.* Rule followed that an information charging a criminal offense can not be quashed for a mere formal defect which does not prejudice the substantial rights of the defendant.

2. SAME—*Information—Amendment During Trial—Judicial Discretion.* Rule followed that an information may be amended during the trial on mere matters of form, at the discretion of the court, when the rights of the defendant are not prejudiced thereby.

3. SAME—*Information—Defective in Form—Properly Amended.* In the text of an information the prosecuting attorney gave his name and official title, but at the conclusion of the charge his official title alone appeared and his signature was inadvertently omitted: *Held,* the defect was one of form, and the information could not be quashed for such defect, and the county attorney's signature could be supplied, with leave of court, at any time during the trial.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 9, 1917. Affirmed.

*J. C. Milton,* of Wichita, for the appellant.

*S. M. Brewster,* attorney-general, *Ross McCormick,* county attorney, *Glenn Porter,* and *Harry C. Castor,* both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of maintaining a liquor nuisance, and her appeal relates to the fact that the county attorney had inadvertently neglected to sign the information and was permitted to sign it after the jury was impaneled.

The information reads:

"I, Ross McCormick, county attorney of Sedgwick County, . . . come now here and give the court to understand and be informed, . . . [Here follows the charge] . . . Contrary to the form of the statutes. . . .

———————————,
County Attorney."

There was a positive verification of a private citizen appended to the information.

The motion to quash raised all manner of objections to the information except the only pertinent one—the want of the county attorney's signature. It was no abuse of the court's discretion to permit the county attorney to attach his signature when this mere formal defect was specifically pointed out. In the text of the information, the defendant was advised that the lawful official, Ross McCormick, county attorney, was the relator who was setting the machinery of the law in motion against her. So did the words "county attorney" at the conclusion of the charge. The defendant does not show how the want of this signature prejudiced her in the slightest degree.

Many graver informalities have been held insufficient to disturb judgments where the court had no doubt about the justice of the net result. See, *The State v. Cooper*, 31 Kan. 505, 3 Pac. 429; *The State v. Bugg*, 66 Kan. 668, 72 Pac. 236; *The State v. Coover*, 69 Kan. 382, 76 Pac. 845.)

Under the inhibitions of the criminal code, section 110, the court could not have sustained the motion to quash; and the defect, being only one of form and not of substance, could be supplied at any time during the trial. (Crim. Code, § 72, Gen. Stat., 1915, §7982.)

Since the information was positively verified by another person it did not require a verification by the county attorney on his mere "information and belief." (*The State v. Brooks*, 33 Kan. 708, 7 Pac. 591.)

The judgment is affirmed.