· No. 21,101.

BURRTON ALLISON, *Appellee*, v. GEORGE HERN, as ·Chief of Police, GEORGE HERN, Jr., and H. E. COLBY, *Appellants*.

### SYLLABUS BY THE COURT.

REPLEVIN—*Taxicab Used in Maintaining Liquor Nuisance—Policeman Entitled to Possession.* Under an ordinance requiring the search of a place charged to be kept for the maintenance of a nuisance and directing the seizure and destruction of all property used for such purpose, the driver of a taxicab was arrested on the charge of using such vehicle on the streets of the city of Hutchinson for the purpose of maintaining a nuisance by keeping intoxicating liquors therein for unlawful sale. The ordinance did not provide for notice and hearing before destroying such property, but the driver and the owner were nevertheless notified that a hearing would be had before the police judge to show cause why the taxicab should not be adjudged forfeited and ordered destroyed. *Held*, that pending such determination the vehicle was rightfully in the custody of the officers and not the subject of replevin by its owner.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed December 8, 1917. Reversed.

*Walter F. Jones*, of Hutchinson, for the appellants.
*W. H. Lewis*, of Hutchinson, for the appellee.

Allison v. Hern.

The opinion of the court was delivered by

WEST, J.: A city ordinance of Hutchinson, passed while it was a city of the second class, provides that all places where intoxicating liquors are manufactured, sold, bartered or given away in violation of any of the provisions of such ordinance are declared to be common nuisances, and upon the judgment of the court finding such place to be a nuisance under the ordinance the city marshal shall be directed to shut up and abate such place

"by taking possession of all such intoxicating liquors found therein, to-gether with all signs, screens, bars, bottles, glasses and other property used in keeping and maintaining such nuisance; and such personal property so taken possession of shall be forthwith publicly destroyed by such officer."

Under this ordinance the driver of plaintiff's taxicab was arrested by the police on a complaint charging that—

"The public streets, avenues, alleys and ways in the city of Hutchin-son, Reno county, Kansas, is a place where intoxicating liquors are sold, bartered or given away by the defendant Frank Grissom and is a place where people resort and are permitted to resort by said defendant for the purpose of drinking intoxicating liquor as a beverage and where intoxi-cating liquors are unlawfully kept by said Frank Grissom in a Ford taxi-cab for unlawful sale, gift, barter and delivery to the common nui-sance. . . . ."

Notice was served upon Grissom and the plaintiff that the taxicab had been seized as property used for the purpose of violating the prohibitory liquor law and the maintenance of a common nuisance, and they were notified to appear before the police judge and show cause, if any, why it should not be adjudged forfeited and ordered destroyed. The defendant ap-peared by his attorney and objected to a hearing, and the mat-ter was adjourned, after which the plaintiff appeared before the police judge and requested the return of the taxicab, and then requested its return of the chief of police, and then brought this action in replevin, in pursuance of which the vehicle was delivered to the sheriff, no delivery bond being given. The taxicab was by the district court ordered returned and the police officers appeal.

4—102 Kan.

This one question, they say, is presented:

"Can the appellee maintain an action in replevin for the recovery of personal property in the custody of the law held as personal property used in keeping and maintaining a liquor nuisance?"

They argue that the taxicab was held under a complaint pending a hearing upon the question of ordering it forfeited and destroyed; that the police had the right of possession pending such hearing; that it was not the province of the district court to determine whether or not it was subject to seizure under the ordinance or law; that it was personal property, and the only remedy the plaintiff had was to appear in police court, and if aggrieved by its decision appeal therefrom to the district court.

The trial court took the view that the place where a nuisance is maintained should be searched, but that under the ordinance the police had no right to seize the place itself, which in this instance was the taxicab, nor to destroy it; that as said in *The State v. Rabinowitz,* 85 Kan. 841, 118 Pac. 1040, they did not even have the right to padlock it. It was suggested that should a team and wagon or train of cars be engaged in maintaining a nuisance they could hardly be destroyed, because they would be the places in which the nuisances were maintained, and the police would have authority only to seize liquors, glasses, bars and pumps, etc., found in such places.

The plaintiff urges that the ordinance contains no provision for notice and hearing, and that therefore the retention of the vehicle cannot be justified. It is true that no such provision is found in the ordinance, but the city officials proceeded to give notice of hearing and treated the matter as if it were proper so to do.

The defendants cite *Karr v. Stahl,* 75 Kan. 387, 89 Pac. 669, wherein it was held that the owner of personal property which has been taken from him by a city marshal on a warrant issued in an action begun under an ordinance of the city cannot maintain replevin for its recovery, even though the ordinance be void.

It is well settled that a city has only such power to enact ordinances as may be granted by the legislature. Section 5532 of the General Statutes of 1915 empowers cities of all three classes to provide by ordinance for the suppression of

common nuisances, with a search of premises where they are maintained "and the seizure and destruction of all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property used in maintaining the same."

The ordinance in question provides that—

"Upon the judgment of the court finding such place to be a nuisance under this ordinance, the city marshal shall be directed to shut up and abate such place, by taking possession thereof, and by taking possession of all such intoxicating liquors found therein, together with all signs, screens, bars, bottles, glasses and other property used in keeping and maintaining such nuisance; and such personal property so taken possession of shall be forthwith publicly destroyed by such officer."

It will be observed that the statute mentions all property used in maintaining a common nuisance. Section 5527 of the General Statutes of 1915 provides that upon filing a complaint charging that a place is kept as a common nuisance, a warrant shall issue and the officer shall take into his custody all intoxicating liquors, bars, or other property described in the complaint. Section 5528 provides for notice after seizure, and section 5529 provides that if the officer shall find that any of the liquors or property seized were at the time complaint was filed used in maintaining a common nuisance he shall order it destroyed.

In *The State v. Rabinowitz,* 85 Kan. 841, 118 Pac. 1040, it was held that selling and delivering intoxicating liquors on the streets of a city may constitute a common nuisance. *The State v. Dykes,* 83 Kan. 250, 111 Pac. 179, was cited, wherein it was held that a part of an alley occupied by a barrel from which beer was unlawfully sold was a place where the nuisance was maintained. It was also said in the Rabinowitz case, at page 853, that if the place of the nuisance is public the court must adopt means suitable to the place and situation, and there could of course be no lien obtained on the premises, nor could they be padlocked or closed, removed, or destroyed. This is necessarily true of streets and alleys, and yet a nuisance maintained thereon may nevertheless be abated. In *Breweries Co. v. Kansas City,* 96 Kan. 731, 153 Pac. 523, a vehicle moving from one place in a city to another for the sale of intoxicating liquors was held to be a "place."

The complaint in this case charged that the public streets, avenues and alleys of Hutchinson were a place

"where intoxicating liquors are unlawfully kept by said Frank Grissom in a Ford taxicab for unlawful sale, . . . and that . . . intoxicating liquors are kept in bottles, cases, kegs, barrels, tubs, boxes, ice-chests and a Ford taxicab or automobile and various and other places in and about said public streets, . . . and that said place is and has been so unlawfully kept and maintained . . . and that said Ford taxicab or automobile was and is used for the purpose of maintaining said public nuisance."

What this charge amounts to is that the taxicab was used for the conveyance of liquors over the streets of Hutchinson for unlawful sale. That is to say, that the driver was by the use of the taxicab making the streets of Hutchinson a "place" where a nuisance was maintained. There was no attempt to seize the streets, but there was a seizure of the taxicab, and the ordinance expressly provides that upon proof that it was used in the maintenance of a nuisance it should be destroyed.

Under the law and under the ordinance the officers had a right to seize it, they had a right to hold it, they had a right to ascertain judicially whether it had been so used, and if so, then they had resting upon them the duty to destroy it. Regardless of notice to the owner or to the driver pending such judicial ascertainment, the vehicle was in the custody of the officers and, therefore, in the custody of the law and not subject to replevin.

With this construction given the complaint there seems to be no difficulty about the conclusion to be reached. The fact that notice was given the owner can in no wise militate against the officers, or against their right to retain possession of the taxicab until it was determined whether it had been unlawfully used as charged.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.