No. 21,369.

THE STATE OF KANSAS, *Appellant,* v. H. W. QUEEN, *Appellee.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Information—Properly "Subscribed" by Prosecuting Officer.* The signing of an affidavit verifying an information by the prosecuting officer in whose name it is drawn is a substantial compliance with the statutory requirement that the information shall be subscribed by him.

Appeal from Sedgwick district court. Opinion filed November 9, 1918. Reversed.

*S. M. Brewster,* attorney-general, for the appellant; *F. P. Lindsay, James P. Coleman,* and *T. F. Railsback,* assistants attorney-general, of counsel.

*S. B. Amidon, S. A. Buckland, Glen Porter, George McGill,* and *I. H. Stearns,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: An information in the name of W. P. Montgomery, as assistant attorney-general of Sedgwick county, charging the maintenance of a nuisance under the probibitory liquor law, was filed in the district court of that county. It charged that liquors and other property were used in maintaining such nuisance, and asked the seizure thereof. In accordance with the statute (Gen. Stat. 1915, § 5527) a warrant was issued directing the seizure of such property, as well as the arrest of the persons charged with violating the law. Three persons were arrested, and a quantity of liquor and an auto-mobile were taken. The case came on for hearing (in the second division) under the statute (§ 5528) upon the accusation against the property which had been seized. H. W. Queen, one of the persons arrested, objected to the admission of any evidence on the part of the state on the ground that the information was not signed by the prosecuting attorney. This motion was sustained. The assistant attorney-general asked leave to amend the information by attaching his signature. The court took the request under advisement, and it has never been ruled

The State v. Queen.

on. On the first day of a subsequent term, the criminal docket having been transferred to the first division, the case was called, and no response being made on the part of the state was dismissed for want of prosecution, and the property was ordered to be held for ten days and then returned to Queen. Within that time this appeal was instituted.

The information contained a blank for the signature of the assistant attorney-general, which was not filled. An affidavit to the truth of the information, which immediately followed, was signed and sworn to by him. The statute requires an information to be subscribed by the prosecuting attorney and to be verified by his oath or by that of some other person. (Gen. Stat. 1915, § 7976.) There is no express requirement that the oath of verification shall be signed, and under a similar statute that has been held to be unnecessary. (*State v. Hicks,* 178 Mo. 433.) We regard the attaching of the signature of the prosecuting attorney to the affidavit as a substantial compliance with the requirement that the information shall be subscribed by him. The purpose of his signing the document, which purports to be his act, is obviously to authenticate it as such. This purpose is fully accomplished by his signature to the affidavit attesting its truth. There is no occasion for two signatures, and the affidavit may be regarded as essentially a part of the information, which is literally "subscribed" by the prosecuting officer.

The appeal is contested by the defendant Queen, who relies largely upon an early decision setting aside a conviction based upon a document to which the signature of the county attorney was not attached until after the trial had commenced. (*Jackson v. The State,* 4 Kan. 150.) There, however, the document in question was a mere complaint or affidavit of an individual, which did not purport to emanate from an officer, and it was for that reason that the court held it to be insufficient, refusing to consider the propriety of permitting it to be signed after the trial had commenced on the ground that no change in its nature would be thereby effected. Since the judgment was rendered in the present case it has been specifically held that an omission to attach the signature of the prosecuting attorney to an otherwise sufficient information may be corrected during the trial. (*The State v. McCullough,* 101 Kan. 52, 165 Pac. 644.)

The question determined in the present case was suggested, but not decided, in *Mentor v. People,* 30 Mich. 91. A quite similar question, arising under a mechanics' lien statute, was differently decided in *Mayes v. Ruffners,* 8 W. Va. 384, but we do not find the reasoning convincing. The state suggests that the point was involved, although not discussed, in *The State v. Spencer,* 43 Kan. 114, 23 Pac. 159, because the information there upheld bore no signature of the county attorney excepting that attached to the affidavit. The copy of the information shown in the report indicates that to be the case, but the original record shows an additional signature.

While the order disposing of the case is described as a dismissal for want of prosecution, the assistant attorney-general can hardly be regarded as having been in default so long as he had been denied the right to introduce evidence because of the omission of his signature, and no ruling had been made upon his application for leave to attach it. Without the granting of that permission there was obviously nothing further that he could do. The order appears to have been an inadvertence growing out of the transfer from one division to the other, but it was a final disposition of the case, which left open to review the decision sustaining the objection to the introduction of evidence. That decision being held to have been erroneous, a reversal of the judgment of dismissal necessarily follows.

The state complains of the order to return the property to Queen, on the ground that he had filed no answer. The statute requires the filing of an answer by any claimant (Gen. Stat. 1915, § 5528), but the setting aside of the dismissal would in any event require the vacation of the order disposing of the property.

Queen contends that an automobile does not belong to the class of property the seizure of which is authorized by the statute, citing *One Cadillac Automobile v. State,* 172 Pac. 62 (Okla. 1918). The act there interpreted differs from that of Kansas, an ordinance based upon which was involved in *Allison v. Hern,* 102 Kan. 48, 169 Pac. 187. However, as the district court did not pass upon the right of the officer to take possession of the automobile, that matter is not before us for review.

A claimant of storage charges against the automobile has

filed an application in this court to be allowed to intervene herein.   As the validity of his claim is' not one to be determined here in the first instance, the application must be denied, any proper claim upon his part being a matter for the consideration of the district court.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.