No. 25,144.

THE STATE OF KANSAS, *Appellee,* v. C. C. HENDERSON, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Sufficient Information by Deputy County Attorney—No Substantial Defect Therein.* The fact that the deputy county attorney in signing the complaint charging the defendant with keeping and having in his possession intoxicating liquor, did not append to his signature the designation of his office, is not a substantial defect which operated to the prejudice of the defendant nor did the omission make it necessary that the officer should have had actual personal knowledge of the criminal acts charged in the complaint.

2. SAME—*Impeaching Verdict—Evidence Properly Rejected.* No error was committed in excluding the testimony of a juror as to the evidence he considered and upon which he relied in forming his verdict.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 10, 1923. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant was prosecuted and convicted before a justice of the peace of Cowley county, for unlawfully keeping and having in his possession in that county, intoxicating liquors. An appeal was taken from the judgment of the justice of the peace to the district court where the case was tried with a jury and a verdict rendered finding the defendant guilty as charged. He appeals.

In his testimony at the trial he admitted that he purchased and had in his possession a bottle of whisky which he drank under an elm tree in one section of Arkansas City and which he contends was a place other than the one the prosecution had in mind when the complaint was filed. There was evidence that he had intoxicating liquor in his possession in an automobile at the time of his arrest as

well as his admission that he had liquor which he drank under an elm tree in another part of the city. The court instructed the jury in effect that if either or both were shown to be true both were included in the complaint and if either were established by the evidence it would warrant a finding of guilt.

Complaint is made of the instruction and also of a ruling that he had not been permitted to show upon a motion for a new trial that H. V. Howard, the deputy county attorney, who signed the complaint without attaching his official designation, had any knowledge of the possession of liquor by the defendant under the elm tree, when the complaint was made, and also the exclusion of testimony by a juror that the verdict was based on the elm-tree incident and not the possession of liquor in his automobile in another part of the city. The complaint is as follows:

"State of Kansas, County of Cowley, ss.

H. V. Howard, being duly sworn, on oath says that on the ——— day of May, 1923, in the county of Cowley, and state of Kansas, C. C. Henderson, did then and there unlawfully keep or have in his possession intoxicating liquor for his personal use or otherwise, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Kansas.                         (Signed)     "H. V. HOWARD."

Although Howard was a deputy county attorney, and the complaint was verified positively, the name of his office was not a part of the signature. When defendant sought to show that Howard had no knowledge of the admitted offense under the elm tree until it was disclosed on the trial, the court excluded the evidence stating that Howard was a deputy county attorney and held that position when the complaint was filed and that his personal knowledge was immaterial and not open to inquiry. He was a deputy county attorney, an officer of the court with the right to make and verify complaints and informations. The court took judicial notice of the position which he held and even if it was a part of the charge of which judicial notice is taken, it is not necessary to state matters of which judicial knowledge is taken in the complaint. (Crim. Code, § 111.) The complaint was made by the prosecuting officer and signed by him and the fact that he did not append to his name the name of his office could not have embarrassed the defendant in making his defense nor have operated to his prejudice. Such a defect is not a ground for a reversal. (Crim. Code, § 293.) It has been held that the inadvertent failure of the county attorney to attach his signa-

ture to an information is a formal defect which did not justify the quashing of an information and that the court was warranted in permitting an amendment supplying the official signature at any time during the trial. It was remarked that:

"The defendant does not show how the want of this signature prejudiced her in the slightest degree." (*The State v. McCullough,* 101 Kan. 52, 53, 165 Pac. 644.)

The complaint having been made by the deputy county attorney and duly verified by him, personal knowledge by him of the criminal acts charged is not required. (*The State v. Moseli,* 49 Kan. 142, 30 Pac. 189; *The State v. Taylor,* 75 Kan. 417, 89 Pac. 672; *The State v. Penquite,* 86 Kan. 970, 122 Pac. 894.)

It is needless to discuss the objection that the testimony of a juror as to what evidence was considered in forming a verdict or as to any facts inhering in the verdict. It is well settled that a juror cannot impeach his verdict in this way. (*The State v. Dreiling,* 95 Kan. 241, 147 Pac. 1108, and cases cited.) The proof was abundantly sufficient to sustain the verdict and there being no material error in the proceedings the judgment of the district court is affirmed.