No. 26,096.

THE STATE OF KANSAS, *Appellee*, v. SAM F. WILKINS, *Appellant*.

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Information—Signature*. A judgment of conviction for violating the prohibitory liquor law will not be reversed on the ground that the information, regular in all other respects, was signed by the deputy county attorney, although the county attorney was not sick and was present at the time.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed March 7, 1925. Affirmed.

*W. S. Hyatt,* of Parsons, for the appellant.

*Charles B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, and *Charles H. Cory,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted of having intoxicating liquor in his possession, and appeals.

The defendant was prosecuted on an amended information which was signed "Chas. H. Cory, deputy county attorney." The defendant filed a verified plea in abatement which alleged:

"That Payne H. Ratner was the duly elected, qualified and acting county attorney of Labette county, Kansas, and was not sick, absent or derelict or otherwise disqualified, and is present in court on this the 7th day of October, A. D. 1924."

The plea in abatement was denied. A jury was then impaneled. Objection to the introduction of evidence was made on the grounds stated in the plea in abatement. The objection was overruled. The only proposition urged by the defendant is that the deputy county attorney has no authority to sign an information when the county attorney is not sick, absent, derelict or otherwise disqualified. The state argues that Chas. H. Cory was an assistant county attorney, appointed under the authority of section 28-105 of the Revised Statutes, which section in part reads:

"In counties having a population of less than 60,000 and more than 27,000, or having a city of the first class, or two or more cities of the second class each having a population of 3,500 or more, the county attorney, by and with the consent and approval of the county commissioners, may appoint an assistant county attorney, who shall receive a salary of $1,200 per annum. . . ."

That statute does not name the powers or duties of the assistant

county attorney. There is nothing in the abstract, which is a joint one, to indicate that Charles H. Cory was an assistant county attorney. He describes himself as a deputy county attorney, and signed the information as such. It must be considered in this court as one signed by a deputy county attorney and not by an assistant county attorney. The question argued by the state is not presented by the record. The county attorney was present when the amended information was signed on October 7, 1924, and assisted in the trial of the case on that day.

The authority of a deputy county attorney to sign an information is found in section 19-706 of the Revised Statutes, which reads:

"The county attorney may appoint a deputy, who shall perform all the duties of such county attorney during his absence or sickness."

The defendant does not show wherein he was prejudiced by the manner in which the information was signed, and the court does not perceive how he could have been prejudiced thereby. The information clearly charged the defendant with the offense of which he was convicted. To reverse the judgment on the grounds urged by the defendant, it would be necessary to disregard section 62-1718 and the seventh subdivision of section 62-1011 of the Revised Statutes.

Section 62-1718 reads:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

Part of section 62-1011 reads:

"No indictment or information may be quashed or set aside for any of the following defects:

.     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"Seventh. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

When the attention of the court was challenged to the irregularity in the information, the county attorney might very well have been required to sign it; but that irregularity is not sufficient to justify this court in reversing the judgment. (*In re Gilson,* 34 Kan. 641, 9 Pac. 763; *The State v. Elliott,* 110 Kan. 40, 202 Pac. 847; *The State v. Henderson,* 114 Kan. 724, 220 Pac. 293.)

In *The State v. McCullough,* 101 Kan. 52, 165 Pac. 644, an information to which no prosecutor's name was signed at all, but which concluded thus: "........................, county attorney," was held good

11—118 KAN.

against a motion to quash, although the trial court afterwards permitted the information to be signed on the theory that it was a mere matter of form.

In *The State v. Queen*, 103 Kan. 632, 176 Pac. 111, the assistant attorney-general who commenced the prosecution failed to sign the information as prosecuting attorney. The defendant was convicted and appealed. This court upheld the judgment.

The judgment is affirmed.