FRANK FULLINGIM v. STATE.

No. A-788.   Opinion Filed May 16, 1912.

(123 Pac. 558.)

1.   **CRIMINAL LAW—Issuance of Warrant—Authority of Clerk.** The clerk of a county court is without power to issue a warrant of arrest for a defendant based upon an information filed in such court in the absence of the county judge; and, where a motion is made in apt time to set aside the warrant so issued, it should be sustained.

2.   **INDICTMENT AND INFORMATION—Requisites of Information —Signature.** It is essential to the validity of an information charging a misdemeanor that the county attorney shall subscribe his name thereto after the charge has been made, and the failure of the county attorney to so sign an information is sufficient ground for quashing the same.

(Syllabus by the Court.)

*Appeal from Kiowa County Court;*
*J. W. Mansell, Judge.*

Frank Fullingim was convicted of unlawful sale of liquor, and appeals.  Reversed.

*O. B. Riegel* and *A. F. Moss,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was convicted in the county court of Kiowa county in session at the court town of Snyder on an information which charged the unlawful sale to Herman Hendricks of one pint of whisky.   The jury returned a verdict of guilty, fixing the punishment at five months confinement and a fine of $500.   February 9, 1910, judgment and sentence was entered in accordance with said verdict.   February 7, 1910, the defendant was brought before the court on the warrant of arrest for arraignment.   Whereupon the defendant filed a motion to quash, set aside, and hold for naught the warrant issued for his arrest, and to discharge this defendant from arrest; for the rea-

son that said warrant was issued by the clerk of the court. The court on hearing the motion found the facts to be that the warrant was issued by J. V. McClintic, clerk of the county court, in the absence and without the knowledge or consent of the county judge, and before the county judge had an opportunity to examine the same for sufficiency, and then overruled the motion to quash and allowed an exception.

Under the authority of *Bowen v. State,* 5 Okla. Cr. 605, 115 Pac. 376, the motion to quash should, have been sustained, and the county judge should then and there have issued a legal warrant for his arrest. In the case of *Bowen v. State, supra,* it was said:

"We have no discretion, except to hold that the court had not acquired jurisdiction of the person of the defendant, and that his trial was therefore illegal. This is the plain statute law of this state, and by it we are bound, whether we like it or not."

Thereupon the defendant filed a motion ·to quash and set aside the information on the ground that the county attorney had prior to the commission of the alleged offense signed a number of blank informations, and left them with the ·clerk of the court at the court town of Snyder, and that, when the alleged transaction in this case arose, the said clerk without the knowledge or consent of the court, or judge thereof, or the county attorney, inserted the charge in the blank information. The facts stated in this motion were admitted upon the hearing of the motion. This motion to quash was also overruled by the court and exception allowed.

It is the contention of the defendant's counsel that an information so signed and filed is not an information of a public prosecutor whose duty it is to present the same to the court. Counsel in their brief say:

"We know of no rule of law whereby a public officer can delegate his power to one who does not possess the qualifications he himself is required to have· when presenting himself for public office at election. The county attorneys of this state must be licensed attorneys, and so must their deputies. The clerk of the court was not one of these. It seems to us that a rule making the act of the clerk in filing charges over the signature of the county

attorney as was done in this case, the act of the county attorney, would be dangerous to the security of society, and there would be nothing to prevent him from scattering signed blank informations throughout his jurisdiction, and allow his constituents to fill in criminal charges against the citizens of the county *ad libitum.*"

We think the contention is well taken. It is essential to the validity of an information charging a misdemeanor that the county attorney shall subscribe his name thereto after the facts constituting the offense have been alleged therein, and this requirement is not answered where a paper purporting to be a blank information has been signed by the county attorney before the commission of the offense, afterwards therein attempted to be charged. Our statute provides (section 6644, Comp. Laws 1909):

"The county attorney shall subscribe his name to informations filed in the county or district court and indorse thereon the names of the witnesses known to him at the time of filing the same."

The delivery of blank informations signed by the county attorney to the clerk of a county court is not a defect or imperfection in matter of form only within the curative provision of the statute (section 6705, Comp. Laws 1909) that no indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of a defect or imperfection in the matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits, but is a defect of substance and prejudicial to the substantial rights of the defendant. We are of the opinion that the overruling of the motion to quash and set aside the information constituted reversible error.

For the reasons stated, without considering the other assignments of error, all of which seem to be well founded, the judgment of the county court of Kiowa county is reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.