STEVE TALKINGTON v. STATE.

No. A-2742.   Opinion Filed July 2, 1917.

(165 Pac. 906.)

1.  **INDICTMENT AND INFORMATION — Validity — Signature of Assistant County Attorney.** An information, signed in the name of the county attorney by a duly appointed and qualified assistant county attorney, is valid.

2.  **INTOXICATING LIQUORS—Unlawful Conveyance—Sufficiency of Evidence.** In a prosecution for unlawfully conveying intoxicating liquor, the evidence considered, and **held** sufficient to sustain the verdict and judgment.

*Appeal from County Court, Carter County;*
*Thomas W. Champion, Judge.*

Steve Talkington, convicted of unlawfully conveying intoxicating liquors, appeals. Affirmed.

*William Pfeiffer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction on an information charging that Steve Talkington did unlawfully convey "10 cases of whisky, from a point on the Cornish and Wilson road on the line between Jefferson and Carter counties to a point on said road about three miles east of said county line." On the 23d day of February, 1916, judgment was entered in accordance with the verdict of the jury, and he was sentenced to be confined in the county jail for 30 days and to pay a fine of $150, and in default of the payment of said fine to be further confined until the same should be satisfied at the rate of $1 per day.

The following is, in substance, the testimony introduced at the trial: W. H. Ward and Jim Gaunt, deputy sheriffs, testified that on the 2d day of July, 1916, they saw the defendant about three miles east of the county line between Carter and Jefferson counties on the Cornish and Wilson road; that he was going east in an automobile; that they stopped him, and found he was conveying 10 sacks, each sack containing 12 quart bottles of whisky. The defendant offered no testimony.

The first assignment of error is based upon the action of the court in overruling the defendant's motion to quash the information. The ground of said motion is:

"Because said information is not signed by the county attorney, or his authorized assistant, in the manner provided by law."

The record shows that the defendant asked to have the county attorney sworn to testify in support of his motion. Thereupon Mr. A. J. Hardy, county attorney, stated:

"I admit I did not sign my name to the information in this case."

Mr. Hardy then called W. F. Bowman, who testified that he was assistant county attorney at the time the information was signed and filed and the signature thereto, that is, "A. J. Hardy, County Attorney," was signed by witness; that Mr. Hardy at the time was county attorney and witness the duly appointed and qualified assistant county attorney. Our Procedure Criminal provides:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same." (Section 5694, Rev. Laws 1910.)

In *McGarrah v. State,* 10 Okla. Cr. 21, 133 Pac. 260, it is said:

"An unqualified reading of the words of the statute would make it necessary for the county attorney himself to subscribe his own name to all informations; but it has been held that the county attorney need not himself subscribe his name to an information, as it is sufficient if it be done by his legally appointed assistant."

And see *Fooshe v. State,* 3 Okla. Cr. 666, 108 Pac. 554. Thus it appears that the name of the county attorney was signed by his duly appointed and qualified assistant, and the county attorney was himself present insist-

ing on the validity of the signature, and he personally prosecuted the case. The motion to quash was very properly overruled.

Finally, it is insisted that the court erred "in refusing to advise the jury to return a verdict of not guilty." Counsel for the defendant contends that the evidence fails to show that the liquor in question was conveyed from the point on the Cornish and Wilson road on the county line to a point on said road about three miles east as alleged. There can be no doubt as to the sufficiency of the evidence in this case to warrant the verdict of the jury. After a careful examination of the record we have failed to discover anything whereof the plaintiff in error has just right to complain. The judgment appealed from is therefore affirmed. Mandate forthwith.

ARMSTRONG and MATSON, JJ., concur.