## JOHN RADFORD v. STATE.

No. A-4139.    Opinion Filed May 26, 1923.

(215 Pac. 218.)

(Syllabus.)

1. **County Attorneys—Duties and Responsibilities—Delegation of Duties to Assistants.** A county attorney is vested with a personal discretion and responsibility as a minister of justice, and not as a mere licensed attorney, and he must act impartially, as well in refraining from prosecuting as in prosecuting. He must guard the real interests of public justice in behalf of all concerned, and he is disqualified from becoming in any way entangled with private interests or grievances connected with the private practice of law, and, while he may employ assistants in various ways not involving his official discretion or responsibility, he cannot delegate this discretion except to an assistant, duly appointed and qualified as provided by law.

2. **Indictment and Information—Invalidity of Conviction of Misdemeanor on Information not Signed by Person Designated by Law.** The conviction of a person under an information charging a misdemeanor, not signed by the person designated by law, is void for want of jurisdiction in the trial court.

Appeal from County Court, Pottawatomie County; Clarence Robinson, Judge.

John Radford was convicted of violating the prohibitory liquor law, and he appeals. Reversed and remanded.

T. G. Cutlip, for plaintiff in error.

George F. Short, Atty Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the county court of Pottawatomie county, in which plaintiff in error was found guilty upon an information charg-

ing that the defendant, John Radford, did have in his possession intoxicating liquors with the intent to barter, sell, and otherwise furnish the same. On the 8th day of August, 1921, he was sentenced in accordance with the verdict of the jury to be confined in the county jail for 30 days and to pay a fine of $50.

It is assigned as error that the trial court erred in denying the defendant's motion to set aside the information and in overruling the defendant's objection to the introduction of any evidence upon the ground of the insufficiency of the information, and particularly because the same was not signed and preferred by the county attorney.

On this assignment we adopt the confession of error as the opinion of the court:

"Confession of Error by Attorney General.

"On the 3d day of January, 1921, McClain Taylor was appointed assistant county attorney of Pottawatomie county by Claude Hendon, the duly qualified and acting county attorney of said county. This appointment was in writing, and was filed with the county clerk of said county. On March 17, 1921, the Legislature passed a special act providing for one assistant county attorney in Pottawatomie county, at a salary of $150 per month, and one stenographer at a salary of $100 per month.

"The closing paragraph of section 1 of the act referred to, which is chapter 91, Session Laws 1921, p. 115, is a follows:

" 'The foregoing shall be in lieu of all deputies, assistants and stenographers, provided for heretofore in counties of the class mentioned herein.'

"On April 1, 1921, the county attorney designated Mr. Taylor as stenographer, and appointed one W. S. Pendleton as assistant county attorney, and thereafter Mr. Taylor was

carried upon the pay roll of the county as a stenographer in the county attorney's office, and his claim for salary was allowed as stenographer, and such claims were O. K.'d and approved by the county attorney, and accepted by the board of county commissioners and salary warrant issued to Taylor as a stenographer in the county attorney's office.

"On June 4, 1921, McClain Taylor filed an information in the county court against the plaintiff in error herein, charging him with the unlawful possession of spirituous, vinous, fermented and malt liquors, with the unlawful and willful intent to barter, sell and give away same, contrary to the statute, and signed said information 'Claude Hendon, County Attorney, by McClain Taylor, Assistant.' When the case was called for trial, a motion to quash the information was filed by the plaintiff in error, alleging that McClain Taylor was not an assistant county attorney, and had no authority of law to file the information, and that the court had acquired no jurisdiction by reason of the filing of the information, which was overruled, and when the plaintiff in error was put on trial and evidence offered, a motion was filed and objection made to the introduction of any testimony on the information filed, for the same reason above set forth, which was overruled. Testimony was introduced, and upon the completion of the same the jury returned a verdict finding the plaintiff in error guilty, and fixing the punishment at 30 days in jail and a fine of $50. Motion for new trial was filed, in which the errors alleged to have been committed by the court in the overruling of the motion to quash, and the objection to the introduction of testimony, were assigned, which motion for new trial was overruled by the court, and plaintiff in error sentenced in accordance with the terms of the verdict, and upon this state of facts this appeal is brought.

"The question raised in this case has been very forcibly passed upon in the case of McGarrah v. State, reported in 10 Okla. Cr. 21, 133 Pac. 260, and appealed from the county court of Oklahoma county, in which case the facts were that the law provided for four assistants county attorney in Oklahoma, presumably because of the excessive amount of work incum-

bent upon the county attorneys of Oklahoma. Mr. Hooker, then county attorney of Oklahoma county, employed one H. H. Peck as a fifth assistant in the office, paying his salary out of his (Hooker's) private fund, and commissioning and authorizing the said Peck to discharge all of the duties of an assistant county attorney. An information was filed against McGarrah, signed 'Sam Hooker, County Attorney, Oklahoma County,' and verified by H. M. Peck. On the back of the information is the statement: 'I have examined the facts in this case, and recommend that a warrant do issue. Sam Hooker, County Attorney, by H. M. Peck, Deputy County Attorney.'

"The facts above stated relative to the appointment and remuneration of Peck were verified by Mr. Hooker, upon a motion filed similar to the one filed in the case at bar, which motion was overruled by the trial court, and upon appeal this court said:

" 'We know of no rule of law whereby a public officer may delegate power or authority involving official discretion or responsibility except as prescribed by the statute. The law has very carefully guarded the administration of public justice from any interested or unauthorized intermeddling. The county attorney is a very responsible officer, selected by the people and vested with a wide personal discretion, intrusted to him as a minister of justice. There are many reasons why a power of this kind should be confined to the prosecuting officer. He is expected to be impartial in abstaining from prosecuting, as well as in prosecuting, and to guard the real interests of public justice in favor of all concerned.

" 'It is therefore of the highest importance to the public that this power should be carefully exercised, and that the responsibility should rest upon the officer to whom it is confided.

" 'By section 1557, supra, a county attorney is disqualified from becoming in any way entangled with private interests, or grievance connected with the private practice of law. The office of county attorney is quasi judicial, and the county attorney and his legally appointed assistant must be exclusive-

ly the representative of public justice, and stand indifferent as between the defendant and any private interest. No doubt a county attorney may employ assistants in various ways, not involving his official discretion or responsibility; but our laws have only allowed his official discretion to be delegated where assistant county attorneys have been provided for by the statute. The public have a right to insist upon the performance of public duties that are strictly official in the prosecution of crime by county attorneys and assistants duly appointed and qualified as provided by law, and we think it would be directly contrary to public policy to allow or permit any general delegation of the county attorney's power or responsibility in this respect.

" 'It is our opinion that, the county attorney's name not having been subscribed to the information by himself or by a legally constituted assistant, the court acquired no jurisdiction to try the case, and the conviction and sentence of the defendant are void.'

"Under the rule thus announced by this court, we think the county court of Pottawatomie county committed error by overruling plaintiff in error's motion to quash, and we therefore suggest that this cause should be reversed."

It follows that the county attorney's name not having been subscribed to the information by himself or by a legally constituted assistant, the court acquired no jurisdiction to try the cause, and the conviction and sentence of the defendant are void.

The judgment of the lower court is therefore reversed, and the cause remanded thereto to be disposed of as required by law.

MATSON, P. J., and BESSEY, J., concur.