## Ex parte MATTIE LONG.

No. A-5003. Opinion Filed March 1, 1924.
(223 Pac. 710.)

(Syllabus.)

1. **Habeas Corpus—Only Defects of Jurisdictional Character Considered.** Upon habeas corpus cognizance can be taken only of defects of a jurisdictional character, which render the proceedings under which the petitioner is imprisoned, not merely erroneous, but absolutely void.

2. **Same—County Court Without Jurisdiction Where Information Unsigned—Defendant Discharged on Habeas Corpus.** Where an accusation purporting to be an information filed in the county court was not signed by the county attorney, and his name was not signed by a duly appointed and qualified assistant, the county court did not acquire jurisdiction of the person therein named as the defendant.

3. **Same—Writ Lies Where Petitioner Confined under Judgment of Court Without Jurisdiction.** Habeas corpus lies where the petitioner is confined under the judgment of a court entered when such court had no jurisdiction.

Habeas corpus by Mattie Long, for release from custody. Writ allowed, and petitioner discharged.

Prentiss E. Rowe and Chas. Besly, for petitioner.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for respondent.

DOYLE, J. This proceeding is submitted upon the petition for the writ and the demurrer to the petition on behalf of respondent, the sheriff of Pawnee county.

It is averred in the petition that petitioner, Mattie Long, is unlawfully confined in the county jail of Pawnee county, by C. W. Scott, sheriff of said county, upon a commitment issued by the judge of the county court on a conviction of the offense of maintaining a liquor nuisance; that her confinement is illegal for the reason that said county court did not have jurisdiction of the person or of the subject-matter of

the action at the time of her pretended trial and conviction, in that said pretended information, filed in said cause, was not signed by Strosnider, the duly elected, qualified, and acting county attorney of Pawnee county; that the county attorney's name was not written thereon by the duly appointed, qualified, and acting assistant county attorney, nor by any one authorized to write the county attorney's name thereon, and the name of the county attorney does not appear on said information; that the only name subscribed to said information was the name of W. S. Caldwell, who signed as county attorney; that defendant moved to quash said information on the ground that the same was void and of no effect, for the reasons stated, and that the court was without jurisdiction to hear and determine said cause; that defendant further objected by demurring thereto for the reasons stated, and further objected to the introduction of testimony, and asked to have the cause dismissed for want of jurisdiction to hear and determine the case under said information—all of which motions and demurrers were overruled by said court.

Upon the record in this cause, the sole question for our determination is: Was the alleged void information sufficient to give the court jurisdiction over person of petitioner named therein as the defendant?

In England, at common law, an "information" was an accusation of a criminal character exhibited against a person charging him with a criminal offense by the Attorney General or the Solicitor General, and under his oath of office. In the United States, in the absence of statutes changing its character, it is filed by the officer, whatever his title, who exercises the function of prosecuting attorney for the county. In re McNaught, 1 Okla. Cr. 528, 99 Pac. 241.

The Bill of Rights provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information." (Const. art. 2, § 17.)

The statute provides:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same." : Section 2511, Comp. Stats. 1921.

Construing this statute in McGarrah v. State, 10 Okla. Cr. 21, 133 Pac. 260, we said:

"An unqualified reading of the words of the statute would make it necessary for the county attorney himself to subscribe his own name to all informations; but it has been held that the county attorney need not himself subscribe his name to an information, as it is sufficient if it be done by his legally appointed assistant."

In the case of Johns v. State, 15 Okla. Cr. 630, 179 Pac. 941, it was held:

"It is essential to the validity of an information charging a misdemeanor that the county attorney subscribe his name thereto, or his name should be signed by a duly appointed and qualified assistant county attorney."

In Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271, it is said:

"No doubt a county attorney may employ assistants in various ways not involving official discretion or responsibility, but he cannot authorize his name to be signed to informations by a person other than his duly appointed and qualified assistant."

And see Viers v. State, 10 Okla. Cr. 28, 134 Pac. 80; Fullingim v. State, 7 Okla. Cr. 333, 123 Pac. 558; Evans v. Willis, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258.

It is undoubtedly the law that upon habeas corpus cognizance can be taken only of defects of a jurisdictional character, which render the proceedings under which the petitioner is imprisoned not merely erroneous, but absolutely void. Under the constitutional and statutory provisions above quoted, the accusation purporting to be an information not signed by the county attorney, or his name signed by a duly appointed and qualified assistant, and filed in the county court, is void, and the county court did not acquire jurisdiction of the person therein named as the defendant.

It follows that the demurrer to the petition should be overruled. It is the opinion of the court that petitioner is unlawfully restrained of her liberty and is therefore entitled to her discharge. It is so ordered.

MATSON, P. J., and BESSEY, J., concur.