## ROY TILLER v. STATE.

No. A-5549.   Opinion Filed June 30, 1926.
(247 Pac. 421.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Muskogee county on a charge of selling whisky, and sentenced to serve a term of 90 days in the county jail and to pay a fine of $100.

The sufficiency of the evidence to sustain the judgment is not questioned, and discloses that on August 23, 1924, the state's witness Hefley, in company with the state's witness Davis bought whisky from defendant. The defendant did not take the stand and offered no evidence. The first contention made is that the court erred in not striking the case from the assignment, for the reason that the setting was made during a recess of the court, and further that it was made be-

fore the court had acquired jurisdiction of the person of the defendant. Section 3178, Comp. St. 1921, provides that terms of the county court shall commence on the first Monday of January, April, July, and October, and section 3182 provides that on the first day of the term the county judge shall prepare a calendar of cases standing for trial at that term, setting the cases for trial in order upon convenient days. The order assigning the cases for trial was not made on the first day of the term and not until the 17th day of February, at which time the case was set for trial on March 9th. The statute is not mandatory, but merely directory. It does not require that the setting be made by the court, but by the judge. The purpose of the statute is to give notice to interested parties of the time the case will be tried to enable them to procure witnesses and prepare for trial. The mere fact that the judge on the first day of the term did not make an order assigning the cases for trial would not preclude him from making such order at some later day in the term. There is no impropriety in a court making an assignment for trial on a day subsequent to the first day of the term.

Complaint is next made that after a motion had been filed to quash the information for the reason that it was not signed by the county attorney, the court granted leave to amend by adding his signature. This was done before the arraignment of the defendant. The record discloses that the information as originally filed bore the indorsement: "I have examined the facts in this case and recommend that a warrant do issue. Sam H. Lattimore, County Attorney"—but did not bear upon its face the signature of the county attorney to the charging part of the information. Section 2511, Comp. St. 1921, requires that the county attorney shall subscribe his name to informations, and

it is generally held that a failure to sign an information by the county attorney is jurisdictional. 16 Corpus Juris, p. 176, § 230; Ex parte Long, 26 Okla. Cr. 259, 223 P. 710. See, also, McGarrah v. State, 10 Okla. Cr. 21, 133 P. 260; Johns v. State, 15 Okla. Cr. 630, 179 P. 941.

The purpose of the requirement that the properly constituted prosecuting authority shall subscribe an information is to give an official character to all prosecutions and prevent the initiation of criminal actions by private persons. The statute, however, does not require that the signature shall be upon any particular part of the information and while the departure from the established form of criminal pleading should be made only after careful consideration, we believe that the signature on the instrument as shown by the record was sufficient to give the court jurisdiction, and, when amended by the adding of the signature on the face thereof in addition to the signature shown, there could no longer be any objection to the information for the reason of want of signature. It was in the province of the prosecuting authority, even without leave of court, before plea was entered to amend the information either in substance or form.

Next it is argued that the court erred in overruling the motion to quash, for the reason that the court had no jurisdiction of the person of the defendant. The defendant in support of this motion on this point testified that he was arrested on the 20th day of January, and it was shown that the information was not filed until the 21st day of January. It was made to appear, however, that he had been arrested for the same offense the preceding August, and had given bond and for some reason the charge was dismissed. The defendant was rearrested, as stated, and the case again filed. Upon this point the undersheriff testified:

",Q. Did you have anything to do, directly or indirectly, with the arrest of Roy Tiller in this action on trial? A. I did.

"Q. To what extent? A. I directed the police department of the city of Muskogee to arrest Roy Tiller on sight, and either hold him in the city jail or confine him in the county jail for account of the sheriff's office.

"Q. Will ask you to tell the court whether or not, at the time arrest was made, was there any warrant served upon him, upon his arrest? A. I don't believe warrant was served at the minute of arrest."

This was in January, and defendant was not tried until March. Whether or not he gave bond in the meantime, the record does not disclose. It is not made to affirmatively appear from the record that any of the constitutional or statutory rights of the defendant were invaded in the court assuming jurisdiction of his person.

It is next claimed that the county court was not in session at the time of the trial. The record contains a statement that the county court convened on Monday, January 25, 1925. The "2" of the first figures "25" is shown to be stricken, and apparently the record is that the court convened on January 5, 1925. This is borne out by the concluding part of the record, which recites that: "Whereupon the court adjourned until Monday, January 12, 1925, at nine o'clock." Then follows a record of the proceedings of January 12th, reciting that the court then adjourned until Monday, February 2d, and then a record of the doings of the court of February 2d, which record concludes with an adjournment of court to March 2, 1925, the record being regular and the term kept open. Even if the first part of the record referred to should say that the court convened on January 25th instead of January 5th, which was the first Monday, in the light of the other part of the record, it must obviously be a clerical error.

Complaint is also made that the court permitted incompetent evidence on the part of the state in permitting it to be shown that the defendant loitered about the streets without any occupation. This, it is contended, tends to show that the defendant was a professional bootlegger or vagrant, and prejudiced the jury against him. The admission of incompetent evidence, unless it is reasonably apparent that it was prejudicial, is not sufficient to require a reversal under the harmless error doctrine.

It is also argued that the county attorney in his argument committed prejudicial error in stating to the jury that the defendant was a bootlegger and asking for a severe penalty. The county attorney was within his rights in arguing that the defendant was engaged in bootlegging as a reasonable and fair deduction from the evidence, and within his rights in vigorously exhorting the jury to severely punish the offense charged. It is only where the argument is unfair and not a proper deduction from the evidence and calculated to arouse the passions and prejudice of the jury that it will amount to reversible error. Coker et al. v. State, 26 Okla. Cr. 230, 223 P. 711.

Upon an examination of the entire record, it appears that the verdict is fully sustained by the evidence, that the contentions made are purely technical, and that there is no error that is prejudicial to the substantial rights of defendant.

The case is therefore affirmed.

BESSEY, P. J., and DOYLE, J., concur.