## WILLIAM HEINTZ v. STATE.

No. A-7763.   Opinion Filed Nov. 15, 1930.
(295 Pac. 402.)

Mitchell & Cooke and Darnell & LaRue, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Washita county on a charge of having the possession of a still and was sentenced to pay a fine of $250 and to serve 30 days in the county jail.

The prosecution in this case is under an information in part as follows:

"In the name and by the authority of the state of Oklahoma, now comes M. W. Ludington the duly qualified and acting assistant county attorney, in and for Washita county, state of Oklahoma, and gives the county court of Washita county and state of Oklahoma to know and be informed that William Heintz did * * * (Here follows the usual allegation of possession of a still.) * * * contrary to the form of the statute in such case made and provided and against the peace and dignity of the state. M. W. Ludington, Assistant County Attorney."

A demurrer was interposed to this information setting out that it was insufficient in law, in substance, and in form.   This demurrer was overruled and exceptions saved.   A motion for a new trial was filed assigning, among other grounds, that the information was wholly insufficient in law, in substance, and in form, more particularly because same was not presented and signed by the proper officer, which motion was also overruled and exceptions saved.

Section 2511, Comp. St. 1921, in part is as follows:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court. * * * "

This section of the statute has been considered by this court in several instances. In McGarrah v. State, 10 Okla. Cr. 21, 133 Pac. 260, 261, it was said:

"An unqualified reading of the words of the statute would make it necessary for the county attorney himself to subscribe his own name to all informations; but it has been held that the county attorney need not himself subscribe his name to an information, as it is sufficient if it be done by his legally appointed assistant."

In syllabus 4 the court held:

"The conviction of a person under an information charging a misdemeanor, not signed by the person designated by law, is void for want of jurisdiction in the trial court."

See, also, Fullingim v. State, 7 Okla. Cr. 333, 123 Pac. 558; Benson v. State, 10 Okla. Cr. 16, 133 Pac. 271; Oelke v. State, 10 Okla. Cr. 49, 133 Pac. 1140; Viers v. State, 10 Okla. Cr. 28, 134 Pac. 80; Ex parte Long, 26 Okla. Cr. 259, 223 Pac. 710; Tiller v. State, 35 Okla. Cr. 31, 247 Pac. 421; Evans v. Willis, Judge, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258. In Johns v. State, 15 Okla. Cr. 630, 179 Pac. 941, the cause was reversed for the reason that the name of the county attorney to the information was signed by an unauthorized person, the court saying:

"It is essential to the validity of an information charging a misdemeanor that the county attorney subscribe his name thereto, or his name should be signed by a duly appointed and qualified assistant county attorney."

The information upon which this prosecution was conducted not having been subscribed by the county attorney nor his name signed by an assistant county attorney, but to the contrary the prosecution being solely in the name of the assistant county attorney, the court was without jurisdiction.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.