## CHAS. C. DIAMOND v. STATE.

No. A-8809. June 7, 1935.
Rehearing Denied June 28, 1935.
(46 Pac. [2d] 966.)

Orr & Woodford, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court, Oklahoma county, of forgery in the second degree and was sentenced to a term of five years in the state penitentiary.  The appeal is by transcript.  The information in substance alleges that defendant " * * * did then and there, willfully, unlawfully, wrongfully, knowingly and feloniously forge a certain pecuniary demand and obligation, being and purporting to be the act of another person, to wit, Morton R. Harrison, which is in words and figures as follows, to wit: (Here is set out a combined claim of several persons, aggregating $242.00, against the Soldiers Relief Commission, bearing among other endorsements, that of Morton R. Harrison, Chairman of the Soldiers Relief Commission of the State of Oklahoma) * * * with the unlawful, willful, fraudulent, and felonious intent of him the said defendant * * * to then and there defraud the State of Oklahoma of the sum of $242.00. * * *"

Defendant was arraigned October 28, 1931, entered a plea of not guilty, and was enlarged on bond.  Thereafter, on July 6, 1932, defendant withdrew his plea of not guilty and entered a plea of guilty.  The passing sentence was deferred at his request at various times until March

10, 1934. Then defendant filed his application to withdraw plea, stating it was inadvertently made and that he had just discovered the information was not signed by the county attorney; that he had not waived jurisdiction. He also filed a motion to dismiss on the same grounds and a motion in arrest of judgment, alleging the information was insufficient, also a motion for new trial, all of which were denied. On that date defendant was sentenced as stated.

Both the name of the county attorney and the assistant county attorney appear on the information in typewriting. Section 2829, O. S. 1931, in part provides:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. * * *"

Section 2937, O. S. 1931, in part provides:

"The indictment or information must be set aside by the court, in which the defendant is arraigned, and upon his motion in any of the following cases: First. When it is not found, indorsed, presented or filed, as prescribed by the statutes. * * *"

Defendant contends that under these provisions of the statute the information is insufficient to confer jurisdiction, citing: Fullingim v. State, 7 Okla. Cr. 333, 123 Pac. 558; McGarrah v. State, 10 Okla. Cr. 21, 133 Pac. 260; Viers v. State, 10 Okla. Cr. 28, 134 Pac. 80; White v. State, 15 Okla. Cr. 674, 177 Pac. 550; Johns v. State, 15 Okla. Cr. 630, 179 Pac. 941; Radford v. State, 23 Okla. Cr. 407, 215 Pac. 218; Ex parte Long, 26 Okla. Cr. 259, 223 Pac. 710; Tiller v. State, 35 Okla. Cr. 31, 247 Pac. 421; Ex parte Kelly, 45 Okla. 577, 146 Pac. 444; Heintz v State, 49 Okla. Cr. 148, 195 Pac. 402.

These different cases touch the question of the subscription of the name of the county attorney and the manner of raising objections thereto. As we said in Tiller v. State, supra, the purpose of the requirement that the properly constituted prosecuting authority shall subscribe to the information is to give an official character to the prosecution and to prevent initiation of a criminal prosecution by private persons. An absolute lack of a signature on any part of the information deprives it of that official character necessary to support a conviction. Language has been used in some of the opinions from which it is argued that a failure of the county attorney to literally subscribe is jurisdictional, but on a review of the decisions as a whole, their purport and effect is that when the name of the county attorney is subscribed either as a signature or in typewriting by himself or his legally appointed assistant, on the face or the back of the information, it is sufficient compliance with the statute, since it satisfies the purpose of identifying the information as the official act of the county attorney.

It is not sufficient that the information bear the name of the county attorney, placed thereon by an unauthorized person (McGararh v. State; Viers v. State, supra), or that it be subscribed by a duly authorized assistant county attorney and omit the name of the county attorney. Heintz v. State, supra. In no case heretofore presented to this court has both the name of the county attorney and the assistant county attorney appeared in typewriting. This is an irregularity, which would have warranted the trial court in setting aside the information on timely motion. It does not, however, result in an entire lack of jurisdiction, but is an irregularity that may be waived and is waived unless timely objection is made. In addition to the cases above cited from this court, see State v. McCullough,

101 Kan. 52, 165 Pac. 644; State v. Wilkins, 118 Kan. 160, 234 Pac. 45; District of Columbia v. Washington Gas Light Co., 3 Mackey (14 D. C.) 343.

Defendant next argues the information does not state sufficient facts to constitute an offense. No demurrer was ever filed, but in his motion in arrest of judgment he asserts the facts alleged are insufficient to charge a crime. An objection on this particular ground may be first raised in this manner. Section 2956, Okla. Stat. 1931. When objection to an information is first made by such motion, the court will indulge all reasonable intendments and inferences in construing the information in support of its sufficiency. The information sets out the instrument alleged to have been forged. This instrument is a pecuniary demand on the state against the Soldiers' Relief Funds appropriated by chapter 233, Session Laws 1929 (Sp. Sess.).

Section 3546, Okla. Stat. 1931, provides the manner in which claims against the state shall be itemized, verified, and approved. Morton R. Harrison was chairman of the Oklahoma Soldiers' Relief Commission, and as such he was the head of the department to which the appropriation was made. Under section 3546, supra, it was his duty to approve claims against said appropriation, and no claim would be valid without his approval, and this court takes judicial notice of the law and of this requirement. While the claim was made by defendant, it was for the benefit of certain disabled soldiers whose names were set out in the demand, and the amount of whose claim was set opposite the name of each particular soldier who was in fact the claimant. The defendant was nothing more than the agent or trustee for these particular ex-soldiers. Considering the information as a whole, we are satisfied it informs the ac-

cused of the crime charged so particularly and definitely as to enable him to prepare his defense and to protect him from jeopardy against any further prosecution arising from the transaction. We find no material error.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.