ELLA EWING WEEKS v. STATE.

No. A-10951.   Feb. 9, 1949.

(202 P. 2d 1005.)

292

Roy Paul, of Durant, and E. Moore, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Ella Ewing Weeks, was charged by information filed in the county court of Coal county with the offense of driving an automobile on a public highway while under the influence of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $50 and costs, and has appealed.

Three assignments of error are presented:

(1) Error of the court in overruling the motion for continuance.

(2) The motion to quash the information and demurrer to information should have been sustained because the information was not signed by the county attorney.

(3) Error of the court in admitting in evidence a copy of the report of the highway patrolman who arrested defendant.

We shall consider these assignments of error in their reverse order.

The defendant was arrested about midnight, August 4, 1946, while driving upon U. S. highway 75 south of Coalgate. In the automobile with her at the time of

her arrest were her niece, nephew, and the husband of her niece. The fact as to whether she was under the influence of intoxicating liquor was strongly disputed at the trial. The arresting officer was O. O. Campbell, a member of the highway patrol. When he was called as a witness in chief to testify on behalf of the state, he testified that in his opinion the defendant was under the influence of intoxicating liquor at the time he arrested her. He further testified that the defendant told him at the time of her arrest that she had taken two drinks of whisky before she left her home.

The defendant testifying in her own behalf specifically denied that she drank any whisky before she left her home and further denied that she told the highway patrolman that she had taken two drinks of whisky before she left her home.

A large number of witnesses from Atoka county testified to the excellent reputation which the defendant bore in the community where she resided.

In rebuttal the state called Mr. Campbell, the highway patrolman, and had him identify a copy of a report which he had made to his superior officers after he had arrested the defendant; this copy of the report of the patrolman was admitted in evidence for the purpose as stated by the county attorney "of bolstering his testimony."

The report stated:

"The subject was driving a 1937 Chevrolet Sedan, bearing a 1946 Oklahoma license #47-875, upon U. S. Highway #75 from a point unknown to a point 2 miles south of Lehigh, Oklahoma, 12:30 A.M. August 4, 1946, while under the influence of intoxicating liquor.

"The accused was first observed operating the above vehicle without proper lights and at that time was driv-

ing down the center of the road and before I could stop her, she had forced 4 vehicles off of the road that she was meeting. I stopped the accused to inquire the reason for her actions, and at that time she had the odor of alcohol on her breath and her speech was incoherent and her actions impaired, which indicated that she was intoxicated and she also admitted that she had a drink or two before leaving home."

So far as our research has disclosed, this court has never had a case where there had been an effort to introduce in evidence the report of the highway patrolman in a prosecution for the alleged commission of a crime where the highway patrolman was present in court to testify as a witness.

The Attorney General in his brief has stated:

"The basic question for decision was whether the report was admissible in evidence under the provisions of 12 O.S. 1941 § 486, authorizing duly certified copies of papers and records, required by law to be made or kept in a public office, to be received in evidence."

12 O.S. 1941 § 502 provides, in part:

"The books and records required by law to be kept by any county judge * * * or other public officers, may be received in evidence in any court; * * *."

12 O.S. 1941 § 486, provides as follows:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, duly certified by the officer having the legal custody of such paper or record, under his official seal, if he have one, may be received in evidence with the same effect as the original when such original is not in the possession or under the control of the party desiring to use the same."

The Supreme Court of Oklahoma, in the case of Hadley et al. v. Ross, 195 Okla. 89, 154 P. 2d 939, had under consideration the question as to whether a certified copy of the report of a highway patrolman was admissible in evidence in a personal injury suit, arising out of a collision on a public highway.

In disposing of that case, the Supreme Court laid down the following rules of law as shown by the syllabus:

"Records made by a public official voluntarily or pursuant to official duty, based entirely upon hearsay, are not admissible in evidence to prove any fact disclosed therein in a negligence action.

"Expressions of opinion or conclusions purporting determine cause and effect or expressions involving the exercise of judgment and discretion contained in records of investigations conducted by public officers, either voluntarily or pursuant to requirement of law, are inadmissible in evidence in a negligence action."

The Department of Public Safety was created by the Legislature, and as a part of the comprehensive plan of reducing hazards incident to the operation of motor vehicles on the public highway, it was made the duty of highway patrolmen to investigate and report on motor vehicle accidents on the highway system. 47 O.S. 1941 § 366. These reports made by the patrolmen are kept in a permanent file of the Department.

The copy of the report offered in evidence was not a certified copy of a report from a permanent file of the State Department of Public Safety, but was evidently a copy retained by the patrolman detailing the circumstances surrounding the arrest of accused.

The statutes hereinabove quoted which are relied upon as authority for the admission of such report authorizes

the admission of a duly certified copy of the report only if the original would have been admissible in evidence. We cannot comprehend any basis for the admission of the original of said report in evidence. It is true that, as the county attorney said, the report bolstered the testimony of the highway patrolman as it related facts substantially the same as those testified to by the patrolman.

The only report required by law of the highway patrolmen is a report of motor vehicle accidents on the public highway outside of municipalities. 47 O.S. 1941 § 366, supra. There is no requirement in the statute creating the highway patrol and defining its duties which provides that the patrolman shall make a report to the Department of Public Safety of the facts pertaining to an arrest by the patrolman. Although the Commissioner of Public Safety may have himself directed the patrolmen to make reports of arrests, it would not be such a report as is required by law to be kept by the Department of Public Safety, unless a highway accident was involved, and accordingly, even under the theory of the state, such instrument in the instant case would not be admissible in evidence as there was no highway accident involved. However, in such a case, under the authority of Hadley v. Ross, supra, the certified copy of the report would have been inadmissible. This was a closely contested case and one where the jury might reasonably have come to the conclusion to render a verdict of not guilty. In such a close case the admission in evidence of a copy of the patrolman's report might reasonably have been the evidence which caused the jury to return a verdict of guilty, and its admission as we review the law was reversible error.

As to the second assignment of error, the defendant at the time of arraignment showed by the testimony of

the court clerk that at the time the information against the defendant was filed in the office of the court clerk, it was only signed by the assistant county attorney, and he cites the case of McGarrah v. State, 10 Okla. Cr. 21, 133 P. 260; and Heintz v. State, 49 Okla. Cr. 148, 295 P. 402, to sustain his contention.

Under the statute, 22 O.S. 1941 § 303, it is provided that the county attorney shall subscribe his name to informations filed in the county, superior, or district courts. It has been held that the county attorney must subscribe his name to the information either in person or by his legally appointed assistant. Tiller v. State, 35 Okla. Cr. 31, 247 P. 421.

It is evident that at the time the information was filed, it was signed only by Lavern Fishel, assistant county attorney, but at the time of the arraignment of the defendant it had been signed H. M. Shirley, county attorney, by Lavern Fishel, assistant county attorney.

It appears therefore that the information had been corrected by amendment before the motion to quash the information was filed.

22 O.S. 1941 § 304 provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit. R.L. 1910, § 5695."

The record does not show any order granting permission to amend the information, but it has been held that an amendment may be made without leave under the above statute at any time before the defendant pleads. Burks v. State, 64 Okla. Cr. 285, 79 P. 2d 619.

In Tiller v. State, supra, this court held:

"The county attorney shall subscribe his name to informations either in person or by some legally appointed assistant. Where the name of the county attorney is not signed to an information, it may be amended before plea by signing the name of the county attorney either by the county attorney in person or by some legally appointed assistant."

The third assignment of error is that the court erred in overruling the motion for continuance filed by the defendant on the account of the absence of witnesses whose testimony was material to the defense. The absent witnesses were the three persons who were passengers in the automobile with the defendant at the time of her arrest, and the sheriff of Coal county, who allegedly saw defendant in the jail where she was taken by the highway patrolman. A good showing was made by affidavit entitling her to a continuance, but it is unnecessary to enlarge this opinion by discussing this question for the reason that, upon another trial, the defendant will have ample opportunity to obtain the presence of these witnesses.

For the reasons hereinabove stated, the judgment of the county court of Coal county is reversed and remanded for new trial.

BAREFOOT and BRETT, JJ., concur.