City — County Library Commission — Ex Officio Member Under 65 O.S. 154 [65-154], 65 O.S. 155 [65-155] (1961), the mayor and the chairman of the Board of County Commissioners may not delegate to any appointee or agent the power or authority vested in the said public officers to serve as ex officio members of the City-County Library Commission. The Attorney General has had under consideration your letter of September 20, 1968, wherein you relate that a situation has arisen in Oklahoma County relative to the Mayor of Oklahoma City and the Chairman of the Oklahoma County Commissioners appointing persons to represent said Mayor and Chairman as Ex Officio Members on the City-County Library Commission. You then ask, in effect, whether such appointments may be made, and whether such appointees may serve in the place of the mayor and the chairman of the board of county commissioners. The statutory provisions pertinent to your inquiry are 65 O.S. 154 [65-154], 65 O.S. 155 [65-155] (1961). Said Section 65 O.S. 154 [65-154] provides in relevant part: "The City-County Library Commission shall consist of eleven members. Six of the members shall be appointed by the mayor of the city subject to approval of the governing body thereof. Three of the members shall be appointed by the board of county commissioners. The mayor of the city and the chairman of the board of county commissioners shall be ex officio members of the commission and shall be entitled to vote on all matters. The statute then provides for the terms of appointees and the filling of vacancies. " Said Section 65 O.S. 155 [65-155] provides in part: "The commission shall elect its chairman from the appointed members and fill such other offices as its bylaws may establish." (Emphasis added) It is stated in 67 CJ.S., Officers, Section 104, that: " i n the absence of statutory authority a public officer cannot delegate his powers. . . ." It is there further stated that an officer may delegate the performance of a ministerial act, after his own exercise of discretion. We note that membership on the library commission would involve discretion and is not a ministerial act. It is stated in McGarrah v. State,10 Okl. Cr. 21, 133 P. 260, at page 25 of the official report: "we know of no rule of law whereby a public officer may delegate power or authority involving official discretion or responsibility, except as prescribed by the statute." Therefore, the foregoing all considered, it is the opinion of the Attorney General that the mayor and the chairman of the board of county commissioners may not delegate to any appointee or agent the power or authority vested in the said public officers to serve as ex officio members of the City-County Library Commission. (J. Dell Gordon) ** SEE: OPINION NO. 76-214 (1976) **